**James E. AVERY, Plaintiff,**

v.

**V.P. WINTER DISTRIBUTING COMPANY, Defendant.**

**No. 2:92–CV–53.**

United States District Court, D. Vermont.

May 15, 1992.

Harry A. Black, Black, Black & Davis, White River Junction, Vt., for plaintiff.

Heather Briggs, Downs Rachlin & Martin, Burlington, Vt., for defendant.

## OPINION AND ORDER

FRED I. PARKER, Chief Judge.

This diversity action began in state court and was removed to federal court by defendant on February 12, 1992. Plaintiff moves to remand the action to state court because the notice of removal was not filed within the thirty-day period from service of the complaint on the defendant as required by 28 U.S.C. § 1446(b).

The facts are not in dispute. The complaint and summons were properly served on defendant's registered agent in Vermont, CT Corporation System, on December 9, 1991. The notice of removal was filed some two months later, long past the required thirty-day period. Defendant, however, argues that plaintiff should be equitably estopped from seeking a remand, on the ground that defendant's failure to timely remove stemmed from an error on the part of its agent, which error was apparent to plaintiff's counsel but not disclosed to defendant's counsel in timely fashion.

The affidavits submitted with Defendant's Memorandum in Opposition to Motion to Remand indicate that CT Corp. mistakenly believed it was not the defendant's registered agent in Vermont and that it communicated this belief to plaintiff's counsel by letter dated December 13, 1991. Thus plaintiff's counsel was aware of a confusion about the status of CT Corp. as registered agent. That much is conceded by plaintiff. Defendant goes on to argue, however, that, despite this knowledge, "Plaintiff's counsel took no action to put Defendant or its counsel on notice of the action." That is incorrect. Plaintiff's counsel wrote to CT Corp. on December 23, 1991, stating that he had confirmed with the Secretary of State that CT Corp. was indeed the defendant's registered agent and that he would "proceed on the assumption that the Secretary is right at least until we can find out why this confusion exists." Counsel then gave explicit notice that he would file suit in the Windsor Superior Court, ending with a cordial invitation to talk over the situation. Plaintiff's counsel received no reply to this letter. At this point plaintiff's counsel could reasonably assume that the agent had discharged its duty. The affidavit submitted by CT Corp.'s employee, Victoria Cavallari, itself acknowledges that "[t]hrough error or inadvertence the Summons and Complaint was never forwarded by CT to V.P. Winter, even though CT was the registered agent for V.P. Winter throughout this period."

When defendant failed to file an answer within twenty days, plaintiff's counsel may have realized that defendant still lacked notice of the suit. When subsequently apprised that defendant received notice only in late January 1992, plaintiff's counsel was "not surprised," and willingly agreed to withdraw its motion for default judgment upon receipt of an answer. Had it occurred to plaintiff's counsel that defendant might seek removal of the action and that the thirty-day period for removal was rapidly running, counsel *might* have communicated to the defendant when no answer was timely filed by January 30th. That counsel deliberately concealed its intentions, however, or engaged in "conduct ... tantamount to manipulation of the removal procedures," as charged in Defendant's Memorandum, is entirely unsupported by the record. To the contrary, the record shows that defendant's agent failed, through inadvertence, to notify defendant of a lawsuit properly served on the agent, and that plaintiff's counsel took reasonable steps to avert such a failure of notice. In these circumstances, there would be nothing equitable in estopping plaintiff from invoking the statutory time limits on removal.

The motion to remand is GRANTED.